JOHN R. LAYMAN, WSBA No. 13823
TAYLOR J. BURKETT, WSBA No. 56698
LAYMAN LAW FIRM, PLLP
601 S. Division Street
Spokane, Washington 99202
Phone: (509) 455-8883
Emails: jrlayman@laymanlawfirm.com
tburkett@laymanlawfirm.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN BONIFER and TONYA BONIFER, husband and wife, individually and on behalf of their marital community, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | |
| LINDEN COMANSA AMERICA, LLC, a Foreign Limited Liability Company authorized to do business in Washington; DOES 1-20, inclusive. | |
| Defendants. | |

Plaintiffs RYAN BONIFER and TONYA BONIFER, by and through their undersigned attorneys, John R. Layman and Taylor J. Burkett of Layman Law Firm, PLLP, for their causes of action against Defendants and upon information and belief, allege as follows:

COMPLAINT FOR DAMAGES - 1

## I.    INTRODUCTION

1.    This action arises from a preventable workplace incident in which Plaintiff Ryan Bonifer suffered severe and permanent injuries when a tower crane ladder, negligently secured to a tower crane section by Defendant Linden Comansa America, LLC, using inadequate wiring, failed during normal handling, installation, and use at a jobsite in Coeur d'Alene, Idaho. Defendant designed, manufactured, supplied, secured, wired, packed, inspected, and shipped the tower crane and its attached ladder from its Chehalis, Washington facility using wiring that was, without limitation, insufficient in gauge, not load-rated, and not designed for the forces encountered during shipping, handling, lifting, use, or installation. Defendants also bore independent safety, inspection, coordination, and retained-control responsibilities relating to the handling, delivery, and installation of the ladder assembly. Plaintiff Tonya Bonifer brings a derivative claim for loss of consortium under Washington law.

## II.    PARTIES

2.    At all times relevant to this Complaint, Plaintiff Ryan Bonifer is an individual residing in the State of Oregon.

3.    At all times relevant to this Complaint, Plaintiff Tonya Bonifer is the spouse of Plaintiff Ryan Bonifer and resides with him in the State of Oregon. Plaintiffs bring this action individually and on behalf of their marital community.

COMPLAINT FOR DAMAGES - 2

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

4.    Upon information and belief, at all times relevant to this Complaint, Defendant LINDEN COMANSA AMERICA, LLC ("Comansa" or "Defendant") is a limited liability company organized under the laws of the State of North Carolina (sos id: 0594741), and is registered with the Secretary of State of the State of Washinton under UBI No. 604 060 584, having its principal place of business located at 1467 Bishop Road, Chehalis, Washington 98532, and a mailing address of P.O. Box 1079, Pineville, North Carolina 28134. Defendant is registered to conduct business in Washington state, with its registered agent located at 3713 Northpark Drive, Centralia, Washington 98531. Defendant is in the business of designing, manufacturing, distributing, supplying, securing, packing, inspecting, and shipping crane components, including the crane and ladder assembly at issue in this action.

5.    DOES 1 through 20, inclusive, were designers, manufacturers, inspectors, packers, shippers, distributors, and sellers of the crane and ladder assembly at issue, as well as employees, representatives, members, and agents of Defendant Comansa. Plaintiffs are informed and believe that these defendants regularly conduct business in Washington State or caused the subject crane and ladder assembly to enter into the stream of commerce and into Washington state.

COMPLAINT FOR DAMAGES - 3

### III.   JURISDICTION AND VENUE

6.     Plaintiffs re-allege and incorporate paragraphs 1 through 5 as though set forth fully herein, and further allege as follows:

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.     Complete diversity of citizenship exists between the parties. Plaintiffs are citizens of the State of Oregon. Defendant Linden Comansa America, LLC is a citizen of the State of North Carolina and/or the State of Washington, where its principal place of business is located.

9.     This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Washington, maintains its principal operational facility in Chehalis, Washington, and committed the tortious acts and omissions giving rise to this action – including the securing, wiring, packing, inspection, and preparation of the crane ladder assembly – within the State of Washington.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in this District, specifically at Defendant's Chehalis, Washington facility, where the

COMPLAINT FOR DAMAGES - 4

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

subject crane and ladder assembly were prepared, secured, wired, inspected, packed, and shipped.

11.    Plaintiffs hereby demand that this matter be heard by a jury.

## IV.    GOVERNING LAW

12.    Plaintiffs re-allege paragraphs 1 through 11 as though set forth fully herein, and further allege as follows:

13.    Washington law governs Plaintiffs' claims because the tortious conduct that caused Plaintiff's injuries occurred in Washington. Although the physical injury was sustained in Idaho, the negligent acts and omissions – including the securing, wiring, packing, inspection, and preparation of the tower crane ladder assembly – were undertaken by Defendant at its Chehalis, Washington facility.

14.    Under Washington's choice-of-law framework and the Restatement (Second) of Conflict of Laws, the place of injury is fortuitous and does not outweigh the location of the negligent conduct, the parties' relationship, and Washington's strong regulatory interest in governing the safety of products and conduct originating within its borders. Washington has the most significant relationship to the occurrence and the parties, and Washington law applies to all liability issues in this action.

COMPLAINT FOR DAMAGES - 5

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

## V.    PRODUCT DESCRIPTION

15.    Plaintiffs re-allege paragraphs 1 through 14 as though set forth fully herein, and further allege as follows:

16.    This case involves a used tower crane and an associated ladder section, designed, manufactured, owned, maintained, and supplied by Defendant Linden Comansa America, LLC from its yard in Chehalis, Washington, to a construction project in Coeur d'Alene, Idaho known as the Thomas George Tower.

17.    The Thomas George Tower is an 18-story luxury condominium building located in downtown Coeur d'Alene, Idaho. The project required the erection of a tower crane, which Defendant supplied and was responsible for preparing and shipping.

18.    As shipped by Defendant Comansa from its Chehalis, Washington facility, the relevant section of the crane had a ladder pre-attached to it. The ladder was secured to the crane section using wiring that was of insufficient gauge – specifically, double-wrapped tie wire – that was not load-rated, not designed for shipping or lifting forces, and not adequate to maintain the ladder in a secure position during the foreseeable handling, hoisting, and installation of the crane section.

19.    Defendant Comansa knew, or reasonably should have known, that the crane section with the attached ladder would be hoisted into the air by a separate

COMPLAINT FOR DAMAGES - 6

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

crawler crane during assembly, and that workers would foreseeably interact with the crane section and ladder during this process.

## VI.    FACTUAL ALLEGATIONS

20.    Plaintiffs re-allege paragraphs 1 through 19 as though set forth fully herein, and further allege as follows:

21.    On or about April 23, 2024, Plaintiff Ryan Bonifer was employed by subcontractor, NessCampbell, as an ironworker and was working at the Thomas George Tower construction jobsite in Coeur d'Alene, Idaho.

22.    Plaintiff was part of a crew engaged in the erection and assembly of the subject tower crane supplied by Defendant Comansa.

23.    As part of the erection process, a hydraulic rough terrain crane was used to move individual tower crane sections into position for a separate crawler crane to hoist individual crane sections into position so that they could be assembled into the completed tower crane. This is a standard and foreseeable method of erecting a tower crane of this type.

24.    The tower crane section that Plaintiff was preparing to rig for hoisting had the ladder pre-attached, as shipped by Defendant Comansa from its Chehalis, Washington facility. Defendants secured the ladder to the tower crane section using double-wrapped tie wire at the four corners of the ladder assembly. The tie wire

COMPLAINT FOR DAMAGES - 7

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

used was inadequate, of insufficient gauge, and not designed to withstand the forces associated with shipping, handling, hoisting, or installation of a crane section.

25. Before the tower crane section was hoisted, Plaintiff Ryan Bonfier climbed the subject ladder, which was attached to the tower crane section while it was still on the ground, in the ordinary course of his rigging work. Plaintiff's foreman has confirmed that climbing the ladder in this manner during erection is the standard practice and that the crane had been shipped by Defendant Comansa in this same configuration.

26. Upon information and belief, Defendant Comansa knew, or should have known, that the subject ladder was improperly attached and secured to the tower crane with inadequate tie wire.

27. A Comansa technician named Kaeyden (last name unknown at this time) was present at the jobsite to assist with erection of the crane. Upon information and belief, she is no longer employed by Defendant Comansa.

28. While the subject tower crane section was being prepared for hoisting, and Plaintiff Ryan Bonifer was standing on the ladder approximately six feet off the ground, the negligently secured and inadequate tie wire affixing the ladder to the crane section failed. The ladder detached from the crane section, causing Plaintiff to fall. During the fall, Plaintiff's arm was caught, causing severe injury.

COMPLAINT FOR DAMAGES - 8

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

29.    Upon information and belief, the subject tie wire used by Defendant to secure the ladder had been sitting outside at Defendant's Chehalis yard and was weakened by rust and exposure to the elements, further reducing its already insufficient load capacity.

30.    As a direct and proximate result of Defendant Comansa's negligent securing, inspection, and shipping of the tower crane ladder assembly, Plaintiff Ryan Bonifer suffered severe, painful, and permanent physical injuries, including but not limited to injuries to his arm, upper extremity, shoulder and neck, along with attendant medical expenses, lost wages, lost earning capacity, and emotional distress.

31.    Prior to the incident, Plaintiff Ryan Bonifer worked as an ironworker earning an hourly rate of approximately $53.81 per hour and anticipated working an additional fifteen years until approximately age 59. As a result of his injuries, Plaintiff faces significant limitations in his ability to perform ironworker duties, reducing his ability to obtain and maintain steady employment in his trade.

32.    Plaintiff Tonya Bonifer, as the spouse of Ryan Bonifer, has suffered and will continue to suffer loss of consortium, companionship, services, and support as a direct and proximate result of Defendants' negligent conduct.

COMPLAINT FOR DAMAGES - 9

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

## VII.   FIRST CAUSE OF ACTION

## VIOLATIONS OF THE WASHINGTON PRODUCT LIABILITY ACT,

## RCW 7.72 *ET SEQ.*, AGAINST DEFENDANTS

33.     Plaintiffs re-allege paragraphs 1 through 32 as though set forth fully herein, and further allege as follows:

34.     At all times material to this action, Defendant Comansa and DOES 1 through 20, inclusive, were in the business of designing, testing, manufacturing, inspecting, developing, producing, securing, packing, distributing, marketing, and selling crane components, including the tower crane and ladder assembly at issue, for use in Washington and elsewhere throughout the United States.

35.     Defendant Comansa, as the manufacturer, supplier, and product seller of the subject crane and ladder assembly, and DOES 1 through 20, as manufacturers, designers, inspectors, producers, distributors, marketing agents, and sellers, are liable for Plaintiffs' injuries and damages because at the time the crane and ladder assembly left Defendant's control and was placed in the stream of commerce, the assembly contained design and/or manufacturing defects and lacked adequate warnings and instructions for safe handling, lifting, and installation.

36.     Additionally, the crane ladder assembly was not reasonably safe because it did not conform to any applicable express or implied warranties under Title 62A RCW.

COMPLAINT FOR DAMAGES - 10

## A. DESIGN DEFECT

37.    Plaintiffs re-allege paragraphs 1 through 36 as though set forth fully herein, and further allege as follows:

38.    Defendant Comansa and DOES 1 through 20, as manufacturers, sellers, marketing and advertising agents, designers, inspectors, producers, distributors, and suppliers of the subject crane and ladder assembly, are subject to liability because the product was not reasonably safe as designed at the time it left Defendant Comansa's control and was placed into the stream of commerce, and this was a proximate cause of Plaintiffs' injuries.

39.    At the time the subject crane and ladder assembly was placed in the stream of commerce and shipped to the jobsite, it was inherently dangerous and not reasonably safe for the purposes for which it was sold and supplied, including but not limited to the following respects:

a. The method of securing the ladder to the crane section using double-wrapped tie wire was not reasonably safe as designed. Tower crane ladder assemblies prepared for shipping, handling, and installation by ironworkers are subjected to foreseeable forces during hoisting and assembly, and the use of lightweight, non-load-rated tie wire to secure the ladder created an unreasonable risk of ladder detachment. The likelihood that the inadequate tie wire securing method would cause

COMPLAINT FOR DAMAGES - 11

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

harm such as that suffered by Plaintiff, and the seriousness of those harms, outweighed the burden of securing the ladder with load-rated hardware or properly designed securing devices.

b. The ladder was negligently designed as integrated with the shipping configuration in that it could detach under foreseeable handling and lifting forces during the normal and expected course of crane erection.

c. At the time of manufacture and shipment, alternate and practical design methods for securing the ladder assembly – including the use of heavier gauge wire such as "9 wire" or load-rated securing hardware – were feasible and available, and their use would have prevented Plaintiff's injuries.

40.   Plaintiffs' injuries were proximately caused by the unsafe design of the crane and ladder assembly as prepared and shipped by Defendant Comansa.

41.   Defendants Comansa, and DOES 1 through 20, as manufacturers, designers, inspectors, producers, distributors, marketing agents, advertising agents, and sellers, are strictly liable for Plaintiffs' injuries and damages because at the time the crane and ladder assembly left the control of Defendant Comansa the likelihood that the assembly would cause injury or damage similar to that suffered by Plaintiff Ryan Bonifer, and the seriousness of such injury or damage, outweighed the burden on Defendants to secure the ladder using load-rated hardware or adequate wiring,

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

and outweighed any adverse effect that a practical and feasible alternative securing method would have on the usefulness of the assembly.

42.     Defendants are strictly liable to Plaintiffs because the crane and ladder assembly as prepared and shipped by Defendant was unsafe to an extent beyond that which would be contemplated by an ordinary user or worker.

43.     Defendants are strictly liable under RCW 7.72.040(2) to the extent discovery reveals that they are subject to any of the circumstances set forth in subsections (a) through (e) of RCW 7.72.040(2).

**B. MANUFACTURING DEFECT**

44.     Plaintiffs re-allege paragraphs 1 through 43 as though set forth fully herein, and further allege as follows:

45.     Defendants Comansa and DOES 1 through 20, inclusive, as manufacturers, sellers, and suppliers of the crane and ladder assembly, are subject to liability because the product was not reasonably safe in its construction and preparation, and this was a proximate cause of Plaintiffs' injuries and damages.

46.     When the crane and ladder assembly left the control of Defendant Comansa and was placed in the stream of commerce, the assembly deviated in a material way from reasonable manufacturing and preparation standards, including, but not limited to, employing tie wire that was rusted, weakened from outdoor

COMPLAINT FOR DAMAGES - 13

exposure, and of insufficient gauge to safely secure the ladder during foreseeable handling, rendering the assembly unreasonably dangerous.

47.    The crane and ladder assembly was also unsafe to an extent beyond that which would be contemplated by an ordinary user or worker in the field.

48.    As a direct and proximate result of Defendants' negligent conduct, Plaintiffs suffered the injuries and damages of which Defendants are liable in amounts to be established at trial.

## C. FAILURE TO PROVIDE ADEQUATE WARNINGS WITH PRODUCT

49.    Plaintiffs re-allege paragraphs 1 through 48 as though set forth fully herein, and further allege as follows:

50.    When the crane and ladder assembly was shipped from Defendant Comansa's Chehalis, Washington facility, it lacked adequate warnings or instructions regarding the unsafe nature of the tie wire securing the subject ladder, the fact that the securing method was not load-rated, and the danger of workers interacting with or climbing the ladder prior to or during hoisting.

51.    Defendant Comansa and DOES 1 through 20, as sellers, designers, producers, manufacturers, distributors, and advertising and marketing agents of the subject crane and ladder assembly, had a duty to supply products that were

COMPLAINT FOR DAMAGES - 14

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

reasonably safe and to provide adequate warnings or instructions regarding known dangers associated with the assembly.

52.    Defendants are subject to liability because the crane and ladder assembly was not reasonably safe in that adequate warnings or instructions were not provided, and this was a proximate cause of Plaintiffs' injuries, including but not limited to the following:

a. There were no warnings advising workers that the tie wire securing the ladder was temporary, inadequate, not load-rated, and insufficient to withstand the forces of handling, hoisting, or installation.

b. There were no warnings advising ironworkers or field crews that the ladder should not be climbed or otherwise relied upon while secured to the crane section with shipping wire prior to proper installation.

c. There were no warnings informing workers or contractors of the danger of ladder detachment under foreseeable lifting and handling forces, or of the need to re-secure the ladder with load-rated hardware prior to any hoisting operations.

d.  Defendant Comansa could have easily provided adequate warnings or instructions, and the likelihood that the assembly would cause injuries similar to those suffered by Plaintiff and the seriousness of those injuries rendered the absence of any such warnings unreasonable.

COMPLAINT FOR DAMAGES - 15

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

53.    Defendants marketed the subject crane and ladder assembly under their name, Linden Comansa America, LLC, and as such are strictly liable for Plaintiffs' injuries.

54.    Plaintiffs' injuries were proximately caused because adequate warnings or instructions were not provided with the crane and ladder assembly.

55.    As a direct and proximate result of Defendants' negligent conduct, Plaintiffs suffered the injuries and damages of which Defendants are liable in amounts to be established at trial.

**D. BREACH OF EXPRESS AND IMPLIED WARRANTIES**

56.    Plaintiffs re-allege paragraphs 1 through 55 as though set forth fully herein, and further allege as follows:

57.    The crane and ladder assembly was not reasonably safe because it did not conform to Defendant's express or implied warranties under Title 62A RCW.

58.    Plaintiffs' injuries were caused by such non-conformity, and as such Defendant and DOES 1 through 20 are subject to strict liability.

**VIII.  <u>SECOND CAUSE OF ACTION</u>**

**NEGLIGENCE AGAINST DEFENDANTS COMANSA AND DOES 1**

**THROUGH 20**

59.    Plaintiffs re-allege and incorporate paragraphs 1 through 58 as though set forth fully herein, and further allege as follows:

COMPLAINT FOR DAMAGES - 16

60.    Defendants owed a duty of reasonable care to persons foreseeably involved in the handling, lifting, assembly, and installation of the crane and ladder assembly, including Plaintiff Ryan Bonifer. This duty encompassed the proper design, preparation, securing, inspection, and shipping of the ladder assembly, and the provision of adequate warnings to workers in the field.

61.    Defendants knew, or reasonably should have known, that the crane and ladder assembly would be received at a jobsite and that ironworkers would foreseeably interact with, climb, and work in proximity to the ladder during the erection process, including before and during hoisting and assembly operations.

62.    Defendants breached their duty of reasonable care by: (a) securing the ladder to the crane section using inadequate, non-load-rated double-wrapped tie wire; (b) failing to inspect the tie wire securing the ladder prior to shipment; (c) failing to warn field crews and workers of the inadequacy of the securing method and the danger of interacting with the ladder; (d) failing to use load-rated hardware or adequately gauged wire to secure the ladder; and (e) shipping the crane with the ladder attached in a configuration that was known to be unsafe.

63.    As a direct and proximate result of Defendants' negligence, Plaintiff Ryan Bonifer suffered severe and permanent injuries, medical expenses, lost wages, lost earning capacity, and emotional distress, as such, Defendants are subject to liability.

COMPLAINT FOR DAMAGES - 17

## IX.    THIRD CAUSE OF ACTION

## NEGLIGENCE — MANUFACTURER-BASED DUTIES — AGAINST

## DEFENDANT COMANSA AND DOES 1 THROUGH 20

64.    Plaintiffs re-allege and incorporate paragraphs 1 through 63 as though set forth fully herein, and further allege as follows:

65.    As the manufacturer, seller, distributor, and supplier of the crane and ladder assembly, Defendants owed independent duties beyond those imposed by the WPLA, including the duties to properly inspect the assembly before shipment, to use reasonably safe assembly and securing methods, to provide adequate warnings to foreseeable users, and to coordinate with receiving contractors regarding safe handling procedures.

66.    Defendants breached these duties by failing to inspect the ladder assembly before shipment, failing to warn that the tie wire securing the ladder was temporary and unsafe for lifting, and failing to coordinate with the receiving contractor or crew regarding safe handling of the crane section.

67.    As a direct and proximate result of Defendants' negligent conduct, Plaintiffs suffered the injuries and damages of which Defendants are liable in amounts to be established at trial.

COMPLAINT FOR DAMAGES - 18

## X.    FOURTH CAUSE OF ACTION

## NEGLIGENT SUPPLY OF A DANGEROUS CHATTEL (RESTATEMENT (SECOND) OF TORTS § 388) — AGAINST DEFENDANT AND DOES 1 THROUGH 20

68.    Plaintiffs re-allege and incorporate paragraphs 1 through 67 as though set forth fully herein, and further allege as follows:

69.    Under the Restatement (Second) of Torts § 388, a supplier is liable for physical harm caused by the condition of a chattel it supplies if the supplier knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, has no reason to believe that those for whose use the chattel is supplied will realize the dangerous condition, and fails to exercise reasonable care to inform them of its dangerous condition or the facts which make it likely to be dangerous.

70.    Defendant Comansa supplied the crane and ladder assembly – a chattel – to the construction project in Coeur d'Alene, Idaho.

71.    Defendant knew, or had reason to know, that the tie wire securing the ladder was temporary, inadequate, and not designed for the forces encountered during normal handling, hoisting, or installation of the crane section.

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

72. Defendant had no reason to believe that ironworkers in the field receiving the crane section would be aware that the wiring was insufficient, non-load-rated, and unsafe for use during lifting or interaction with the ladder.

73. Defendant failed to exercise reasonable care to warn the receiving crew or workers of the dangerous condition of the ladder assembly, or the facts which make it likely to be dangerous.

74. As a direct and proximate result of Defendant's negligent supply of the dangerous ladder assembly, Plaintiffs suffered the injuries and damages of which Defendant is liable in amounts to be established at trial.

## XI.　FIFTH CAUSE OF ACTION

## NEGLIGENT SUPPLY FOR BUSINESS PURPOSES (RESTATEMENT (SECOND) OF TORTS § 392) — AGAINST DEFENDANT AND DOES 1 THROUGH 20

75. Plaintiffs re-allege and incorporate paragraphs 1 through 74 as though set forth fully herein, and further allege as follows:

76. Under the Restatement (Second) of Torts § 392, one who supplies a chattel for another to use for the supplier's business purposes is subject to liability for physical harm caused by the use of the chattel if the supplier fails to exercise reasonable care to make the chattel safe for the use for which it is supplied, or to inspect and discover its dangerous condition before the chattel is provided for use.

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

77. Defendant Comansa supplied the crane and ladder assembly as part of its commercial crane-supply and crane-erection operations for business purposes.

78. Defendant failed to exercise reasonable care to ensure that the ladder assembly was safe for the foreseeable handling, lifting, and installation operations for which it was supplied, and failed to use proper securing methods or load-rated hardware to make the assembly safe.

79. As a direct and proximate result of Defendant's negligent conduct, Plaintiffs suffered the injuries and damages of which Defendants are liable in amounts to be established at trial.

## XII.  SIXTH CAUSE OF ACTION

## NEGLIGENCE PER SE — OSHA/WISHA VIOLATIONS — AGAINST DEFENDANT AND DOES 1 THROUGH 20

80. Plaintiffs re-allege and incorporate paragraphs 1 through 79 as though set forth fully herein, and further allege as follows:

81. Violation of a safety statute or regulation constitutes negligence per se when the regulation is designed to protect a class of persons that includes the plaintiff and is designed to prevent the type of harm suffered.

82. Defendant Comansa violated applicable OSHA and Washington Industrial Safety and Health Act (WISHA) provisions requiring the use of safe

COMPLAINT FOR DAMAGES - 21

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

rigging, load-rated securing devices, adequate warnings, and safe handling procedures in connection with crane components.

83.    Plaintiff Ryan Bonifer, as an ironworker, engaged in crane erection work, is within the class of persons these safety regulations are designed to protect, and his injuries are the type of harm these regulations are designed to prevent.

84.    Defendant's violations of applicable OSHA and WISHA regulations directly and proximately caused the ladder to detach and injure Plaintiff.

85.    As a direct and proximate result of Defendant Comansa's negligence per se, Plaintiffs suffered the injuries and damages of which Defendants are liable in amounts to be established at trial.

## XIII.  SEVENTH CAUSE OF ACTION

**RETAINED CONTROL LIABILITY (RESTATEMENT (SECOND) OF TORTS § 414) — AGAINST DEFENDANT AND DOES 1 THROUGH 20**

86.    Plaintiffs re-allege and incorporate paragraphs 1 through 85 as though set forth fully herein, and further allege as follows:

87.    Under the Restatement (Second) of Torts § 414, one who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by the employer's failure to exercise his control with reasonable care.

COMPLAINT FOR DAMAGES - 22

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

88.　　Defendants retained control over the manner in which the crane's ladder was secured, wired, packed, and prepared for shipment and delivery, dictating the method of securing the ladder to the crane section and exercising authority over how the assembly would be configured when received at the jobsite.

89.　　Defendants exercised this retained control negligently by using inadequate, non-load-rated tie wire and by failing to ensure that the ladder assembly was safely configured for the foreseeable use, handling, and lifting operations that would occur at the destination jobsite.

90.　　As a direct and proximate result of Defendants' negligent exercise of retained control, Plaintiffs suffered the injuries and damages of which Defendants are liable in amounts to be established at trial.

## XIV.　EIGHTH CAUSE OF ACTION

## BREACH OF CONTRACTUAL DUTIES / NEGLIGENCE ARISING FROM CONTRACT — AGAINST DEFENDANT AND DOES 1 THROUGH 20

91.　　Plaintiffs re-allege and incorporate paragraphs 1 through 90 as though set forth fully herein, and further allege as follows:

92.　　Washington recognizes tort liability arising from contractual undertakings when a party undertakes a duty, performs it negligently, and causes foreseeable harm to a reasonably foreseeable plaintiff.

COMPLAINT FOR DAMAGES - 23

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

93. Defendant Comansa undertook contractual duties to prepare, secure, inspect, and ship the crane components – including the tower crane section and attached ladder – safely to the Thomas George Tower construction project in Coeur d'Alene, Idaho.

94. Defendant breached those contractual duties by securing the ladder with inadequate tie wire, failing to inspect the assembly prior to shipment, and failing to warn the receiving crew of the dangerous condition of the securing method.

95. Plaintiff Ryan Bonifer, as an ironworker working on the erection of the crane delivered by Defendant, was a reasonably foreseeable person who would be harmed by Defendant's negligent performance of its contractual duties.

96. As a direct and proximate result of Defendant's breach of its contractual duties, Plaintiffs suffered the injuries and damages of which Defendant is liable in amounts to be established at trial.

## XV.  NINTH CAUSE OF ACTION

### LOSS OF CONSORTIUM — PLAINTIFF TONYA BONIFER

97. Plaintiffs re-allege and incorporate paragraphs 1 through 96 as though set forth fully herein, and further allege as follows:

98. As a direct and proximate result of the injuries sustained by Plaintiff Ryan Bonifer caused by Defendants' negligent and tortious conduct, Plaintiff Tanya

COMPLAINT FOR DAMAGES - 24

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

Bonifer has suffered and will continue to suffer loss of companionship, loss of spousal services and support, emotional distress, and disruption of marital life.

99.    Plaintiff Tonya Bonifer is entitled to recover damages for loss of consortium under Washington law.

## XVI.  TENTH CAUSE OF ACTION

## VICARIOUS LIABILITY

100.   Plaintiffs re-allege and incorporate paragraphs 1 through 99 as though fully set forth herein, and further allege as follows:

101.   Defendant Comansa is vicariously liable for the tortious conduct and negligence caused by Defendants DOES 1-10, inclusive, due to the employer-employee relationship between these Defendants.

102.   Upon information and belief, at all times relevant to this cause of action, Defendants DOES 1-10 are employees, agents, directors, officers, and/or ostensible agents of Defendant Comansa

103.   Upon information and belief, at all times relevant to this cause of action, Defendants DOES 1-10 were acting within their official capacity and scope of employment with Defendant Comansa.

104.   Defendant Comansa is vicariously liable for Plaintiffs injuries and damages proximately caused by Defendants DOES 1-10, the extent and nature of which will be proven at the time of trial.

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

## XVII. INJURIES AND DAMAGES

105. As a direct and proximate result of Defendants' negligent design, preparation, manufacture, securing, inspection, shipping, and failure to warn regarding the crane and ladder assembly, Plaintiff Ryan Bonifer incurred damages for past, present, and future: medical expenses, wage loss, lost earning capacity, and other economic and out-of-pocket expenses in amounts to be established at the time of trial.

106. Additionally, Plaintiff Ryan Bonifer incurred damages for past, present, and future: pain, suffering, inconvenience, mental anguish, disability, emotional distress, loss of enjoyment of life, and other noneconomic damages in amounts to be established at the time of trial.

107. Prior to his injuries, Plaintiff Ryan Bonifer earned an hourly rate of approximately $53.81 and anticipated working an additional fifteen years to approximately age 59. As a result of his injuries, Plaintiff faces significant limitations in his capacity to work as an ironworker, will be selective in the calls he can accept, and is likely to be among the first laid off due to his physical limitations, resulting in substantial lost earning capacity.

108. Plaintiff Tonya Bonifer incurred damages for past and future loss of consortium in amounts to be established at the time of trial.

COMPLAINT FOR DAMAGES - 26

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

## XVIII.    ABSENCE OF COMPARATIVE FAULT

109.  No facts support findings that Plaintiffs were negligent or were a proximate cause of their own damages.

110.  No facts support apportioning fault to Plaintiffs for the damages caused by the subject incident.

111.  No facts support apportioning fault to any nonparty pursuant to RCW 4.22.070.

## XIX.  JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Riles of Civil Procedure.

## XX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs RYAN BONIFER and TONYA BONIFER respectfully request that this Court enter judgment against Defendant, to the extent such damages are proved, as follows:

A.  Awarding past and future economic damages, including without limitation medical expenses, wage loss, lost earning capacity, and other economic and out-of-pocket expenses in amounts to be established at the time of trial;

B.  Awarding past and future noneconomic damages, including without limitation pain, suffering, inconvenience, mental anguish, disability,

COMPLAINT FOR DAMAGES - 27

LAYMAN LAW FIRM, PLLP
601 S. Division St.
Spokane, WA 99202
(509) 455-8883, Fax: (509) 624-2902

emotional distress, loss of enjoyment of life, loss of consortium, and other noneconomic damages in amounts to be established at the time of trial;

C.  Awarding statutory fees and costs incurred in this action as allowed by law;

D.  Awarding pre- and post-judgment interest calculated at the maximum rate allowed by law;

E.  Awarding such further relief as this Court deems just and equitable.

DATED this 22nd day of April, 2026.

/s/John R. Layman
John R. Layman, WSBA #13823
Taylor J. Burkett, WSBA #56698
of Layman Law Firm, PLLP
601 S. Division St.
Spokane, Washington 99202
*Attorneys for Plaintiff*

COMPLAINT FOR DAMAGES - 28